Nov. Term,
1849.

SHIMER
v.
ISAAC.

---

### SHIMER Administrator of BAYLER *v.* ISAAC.

*Scire facias* against replevin bail. The defendant pleaded in bar that a joint *scire facias* for the same cause had been prosecuted against him and others; that it was agreed by the parties that the defendant be discharged and judgment be rendered against the others, which agreement was complied with. *Held,* that the facts set out were *prima facie* evidence of the defendant's final discharge.

*Thursday,
January 3,
1850.*

ERROR to the *Marion* Circuit Court.

PERKINS, J.—*Scire facias* against replevin bail. The original judgment was in favor of *Elias N. Shimer*, administrator, &c., against *Hiram H. Lewis* and *George W. Lewis*, and was rendered on the 29th day of *November*, 1839, before a justice of the peace. On the same day *Lee Isaac* entered himself as replevin bail. On the 29th day of *August*, 1840, *William T. Lewis* and *Lewis C. Lewis* entered themselves additional bail. On the 26th day of *November*, 1840, *Shimer* prosecuted a joint *scire facais* against *Lee Isaac*, *William T.*, and *Lewis C. Lewis*, and obtained judgment. They appealed to the *Marion* Circuit Court. At the same time, *Shimer* had pending, in that Court, a suit against said *William T.* and *Lewis C. Lewis* and one *George W.*

*Lewis.* At the *May* term, 1841, of said Court, the following agreement and entry were made in regard to these causes:

" 38, 39—4th day. It is agreed that these causes shall be consolidated, and judgment by agreement shall be given against *George W. Lewis, William T. Lewis,* and *Lewis C. Lewis* only, and *Lee Isaac* left out. Judgment given for the amount and interest of the two judgments before the justices of the peace. It is also agreed that there be nine months' stay on the judgment from this date, *May* 13, 1841." (Signed by the parties.) "Whereupon, the said two causes are consolidated by the Court; and it is considered by the Court that said plaintiff recover of the said defendants, *Lewis C. Lewis, W. T. Lewis,* and *George W. Lewis,*" &c.

Failing to make his money out of the *Lewises, Shimer* returned to the original judgment before the justice of the peace, upon which *Lee Isaac* became bail, and prosecuted this second *scire facias* against him singly, upon his undertaking there. *Lee Isaac* pleaded in bar what he denominated, probably improperly, (see 2d Sill. Pr. 338,) a *retraxit* as to him of the former *scire facias* against him for the same cause, and in his plea set out the foregoing facts. The plaintiff admitted, upon the record, that they were correctly stated, and gave no evidence explanatory of the character of the arrangement by which *Lee Isaac* had been "left out" of the former judgment. On appeal to the Circuit Court and trial there, the above stated facts were held a bar to the present *scire facias* against *Lee Isaac,* and judgment was accordingly given in his favor.

We concur in the judgment of the Circuit Court. We think the facts set up by *Lee Isaac prima facia* evidence of an arrangement by which the matters in dispute were finally settled as to him; if not, why was he discharged and *George W. Lewis* substituted for him in the judgment? Why discharged at all? If it was intended to hold him liable, why not then take judgment against him, instead of leaving him " out" only to be harrassed by a second suit? There must have been some reason for the

transaction.   The plaintiff has not explained what it was to enable us to judge of its character.   *Prima facia*, we think the facts indicate that it was to discharge finally *Lee Isaac*.

*Per Curiam.*—The judgment is affirmed with costs.

*L. Barbour*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.